FILED
2020 Aug-03  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Wanda Colon                        )
                                   )
                                   )
v.                                 )   Crim. No. 3:19-cr-00028-CAR-CH
                                   )
US Marshalls                       )
William Barr AG                    )
Aliceville Warden/Prison           )   7:20-cv-1096-LCB-JHE
FBOP                               )
Alabama Governor                   )

---

## MOTION FOR PRELIMINARY INJUNCTION

Comes Now, Wanda Colon, Plaintiff and pro se prisoner, seeking a

Preliminary Injunction against the above listed defendants, where

Plaintiff will establish threat of irrparable harm of infection if

she remains in Aliceville/BOP custody as the nature of detention

facilities made exposure and spread of COVID-19 virus particularly

harmful.

1. Plaintiff is a prisoner at SPC Aliceville who has asthma,
   has a BMI 30+, and has been a smoker for years, making her
   very vulnerable to the virus. The CDC has listed these 3
   underlying conditions as conditions that will see the most
   complications when contracting the virus.

2. Plaintiff was sentenced to a 24 month sentenced where she
   has 18 months or less left to serve and has served more than
   25% of that term. According to William Barr Memorandum of
   April 3, 2020 is eligble for home confinement. But Aliceville
   refuses to allow her to transfer to home confinement stating
   "the new rule is you have to do 50% of your sentence". NOT 25%
   and have 18 months or less remaining as directed by William
   Barr.

### Argument- Conditions of Confinement

Plaintiff has several underlying illnesses that she faces serious

risks to her health in the open bay camp where confined. Where she

asks this court to intervene and issue an injunction that Aliceville

implement the CARES ACT the way it was written by Attorney General

Barr and release to Home Confinement "vulnerable" inmates as herself.

When William Barr and congress signed the CARES ACT there was no
specific % percentage you had to complete to qualify as vulnerable.

In considering a motion for preliminary injunction, the Courts
have also recognized that health risks to be particularly acute and
of constitutional significance for inmates who are elderly or have
underlying illnesses as listed in the CDC guidelines. The Eighth
and Fourteenth Amendments, For Federal and state inmates, respect-
ively, may well be implicated if defendants can demonstrate that they
are being subjected to conditions of confinement that would subject
them to exposure to serious (potentially fatal, if the detainee/in-
mate is elderly, or with underlying medical conditions) illnesses.
It is well-settled that an alleged constitutional violation con-
stitutes irreparable harm. The alleged violation of a constitutional
right triggers a finding of irreparable injury. Inmates can establish
a due process violation for unconstitional conditions of confinement
by showing that a government offical knew, or should have known of
a condition that posed an excessive risk to health and failed to take
appropriate action. Deliberate indifference can be established by
either a subjective or objective standards. Plaintiff can prove
deliberate indifference by showing Aliceville's own officers/defend-
ants recklessly failed to act with reasonable care to mitigate the risk
that the conditions posed to the inmate even though the defendant
officially knew or should have known that the conditions posed an
excessive risk to the plaintiffs health or safety. The Supreme Court
has recognized that the governments authorities may be deemed de-
liberately indifferent to an inmates current health problems where
authorities ignore a condition of confinement that is sure or very
likely to cause serious illness and needless suffering the next week
or month or year, including exposure of inmates to a serious, comm-
unicable disease, even when the complaining inmate shows no serious

current symptoms. The Petitioner need not demonstrate that she suff-
ered from serious injuries to show constitutional violations.

Instead, showing that the conditions of confinement pose an unreason-
able risk of serious damage to their health is sufficient. In an
application for temporary restraining order, the courts, consider
that other courts have recognized of the heightened risk to inmates
in contracting the COVID-19. Detaining vulnerable individuals with-
out enforcement of appropriate social distancing and without specific
measures to protect their delicate health poses an unreasonable risk
unreasonable risk of serious damage to their future health, and de-
monstrates deliberate indifference. Petitioner is in a CAMP with an
open bay, bunks line up with only 3 feet distance from another, where
it is impossible to social distance, officers come and go from the
FCI where the virus is at full speed spreading like wildfire, with
no masks or gloves on or social distancing from us inmates. All the
chemicals at SPC Aliceville are so watered down it is as if inmates
are cleaning with water, making it impossible from keeping the virus
from spreading. Inmates work in the kitchen with officers who come and
go with no masks or gloves, essential workers walk daily down to the
shop and work with officers without masks on themselves or the off-
icer. Petitioner is an essential worker who drives back and forth
inmates who are released to go home. She takes them without masks
on, as she does not have a mask either. The Plaintiff was issued a
cloth mask by the Defendants, but that mask is so big it will not
stay on her face, leaving it useless and meaningless to wear. Pet-
itioner submits that the same common areas, showers, computers, phones

and toilets are all used without disinfecting inbetween. See Ex-A

## Risk of Death- Irreparable Harm

On March 11, 2020, the World Health Organization declared COVID-19
a global PANDEMIC. Petitioner is at a facility where there has al-
ready been 26 confirmed cases and counting. This includes inmates
and staff. See Ex-B

The nature of detention centers and prison facilities make exposure
and spread of the virus particularly harmful. Jaimie Meyer M.D., M.S.,
who has worked extensively on infectious diseases treatment and pre-
vention in the context of jails and prisons, recently submitted a
declaration in the New York District Court noting that the risk of
COVID-19 to people in prison/jail facilities "is significantly
higher than in the community, both in terms or transmission, exposure,
and harm to individuals who become infected." Meyer Decl. Velesaca
Wolf, 20 Civ. 1803(S.D.N.Y. Feb. 28,2020), ECF No.42. "It will be
impossible to prevent widespread infections inside a facility where
the virus is now there because detainees live, sleep, and use the
bathroom in close proximity with others, and because behind bars,
some of the most basic disease prevention measures are against the
rules or simply impossible." Petitioner faces serious risks to health
in their confinement. See CDC Corona Virus Centers for Disease Control
COVID-19 and Underlying Conditions including "obesity" which trigger
higher risk of severe illness from COVID-19; See Fed.R.Evid.201(b)
("The court may judicially notice a fact that is not subject to
reasonable dispute because it (1) is generally known within the trial
court's territorial jurisdiction; (2) can be accurately and readily
determined from sources whose accuracy cannot be reasonably questiond.")

Brickey v. Superintendent, Franklin Corr. Facility, No. 10 Civ.085, 2011 U.S. Dist. LEXIS 24483, 2011 WL 868148, at*2 n.3 (N.D.N.Y. Feb. 17, 2011). A number of courts in several districts have recognized the threat that COVID-19 poses to individuals held in jails and other detention facilities. See United States v. Stephens, No.15 CR. 95, 2020 U.S.Dist.LEXIS 47846, 2020 WL 1295155, at *2(S.D.N.Y. Mar.19, 2020)("Inmates may be at heightened risk of contracting COVID-19 should an outbreak develope.") The chaos has already begun at Aliceville, prison inmates and employees have already tested positive for the virus. Reduction in population "is in the public interest to mitigate risks imposed by COVID-19" "especially for non-violent offenses" as plaintiff in this case.

## Constitutional Violations

Petitioner argues that her continued confinement at SPC/FCI Aliceville where COVID-19 is present and without adequate protection for her health violates due process rights and constitional rights. The risks of contracting COVID-19 in tightly-confined spaces, especially prisons is now exceedingly obvious. It can no longer be denied that Petitioner who suffers from obesity, an underlying illness, is caught in the mist of a rapidly-unfolding public health crisis. The Supreme Court has recognized that government authorities may be deemed "deliberately indifferent to an inmate's current health problems" where authorities "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering, including "exposure of inmates to a serious, communicable disease,"even when "the complaining inmate shows no serious current symptoms." Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475,125 L.Ed. 2d 22 (1993). Respondents can exhibit and exhibit deliberate indifference to Petitioner's medical needs. The spread of COVID-19 is measured in a

matter of a single day-not weeks, months, or years-and Respondents

continue to ignore the conditions of confinement that will likely

cause imminent, life threatening illness. Respondent can continue

arguing that they are taking certain measures to prevent the spread

of the virus; screening inmates; isolating any who report symptoms,

conducting video court appearances with only one inmates in the room

at a time; providing soap and hand sanitizer to inmates, and increasing

the frequency and intensity of cleaning facility. These measures are

patently insufficient to protect Petitioner. Respondent can not re-

present that the detention facility is in a position to allow inmates

to remain six feet apart from one another, as recommended by the CDC.

Confing vulnerable individuals such as Petitioner without enforce-

ment of appropriate social distancing and without specific measures

to protect their delicate health "poses an unreasonable risk of serious

damage to their future health," Phelps, 308 F.3d at 185 (internal

quatation marks and citation omitted), and demonstrates deliberate

indifference.

Therefore the Petitioner is likely to succeed on the merits of her

TRO and Preliminary injunction.

The equities and public interest weigh heavily in Petitioner's

favor. Petitioner faces irreparable harm, to her constitutional rights

and her health. Second the potential harm to Respondant is limited.

Petitioner would be converting her place of confinement to "home

confinement" instead of continued incarceration at facility where

irreparable harm is likely.  The public interest favors Petitioner's

release. Petitioners in the highly unusual circumstances posed by

COVID-19 crisis, continued detention of aging or vulnerable detainees

does not serve the public's interest. See Declaration of Dr.Homer

Venters,5:19 Civ. 1546, ECF No. 81-11 (C.D. Cal. Mar. 24, 2020) .

To the contrary, public health and safety are best served by rapidly decreasing the number of individuals detained in confined, unsafe conditions. See e.g., <u>Grand River Enterprises Six Nations, Ltd. v</u> Pryor, 425 F.3d 158, 169 (2nd Cir. 2005)(referring to public health as a significant public interest).

## Relief Demanding

Petitioner seeks home confinement from the FBOP facility, to serve the remainder of her sentence on home confinement, due to the unsafe conditions during this global PANDEMIC at the facility where she is confined.

Petitioner prays this court grant her preliminary injunction and allow her to serve the remainder of the sentence imposed on home confinement as directed by WIlliam Barr. Respectfully submitted this 26th day of July, 2020

Wanda Colon
SPC Aliceville
P.O. Box 487
Aliceville, AL. 35442



--------------------------------------------------------------------------------

FROM: ▨
TO: ▨
SUBJECT: Yours
DATE: 06/14/2020 09:06:01 PM

CBS 42

Coronavirus raises concerns at Aliceville Federal Prison
Tim Reid

ALICEVILLE, Ala. (WIAT)   The coronavirus is causing concerns in local prisons. Some corrections officers at the Aliceville Federal Prison for Women are worried about the virus spreading to staff and prisoners.

Union representative Terrence Windham who is a corrections officer and an Aliceville city councilman says staff members and other guards are scared about the possibility of the virus spreading behind bars.

"Mainly my concerns are that we don't have equipment including cleaning supplies and testing supplies," Windham said. "If someone does have Cornavirus that they are being tested and isolated so it won't spread to the inmate population and most importantly to the staff members."

Windham believes the prison does not have enough cleaning supplies and face masks.

"It is their responsibility to make sure we have all the cleaning supplies that we need," he said. "The standard cleaning supplies the bureau uses is a little watered down compared to your average Clorox or Lysol would be. So those are the concerns we have as far as trying to clean up this virus as well."

Justin Long says the Aliceville prison has more than enough supplies to last. Long is the Public Affairs Officer for the Federal Bureau of Prisons.

"All cleaning, sanitation, and medical supplies have been inventoried at the Bureau of Prisons' 122 facilities, including FCI Aliceville, and an ample amount of supplies are on hand and ready to be distributed or moved to any facility as deemed necessary," Long said. "Inmates are encouraged to wash their hands frequently with soap and water in accordance with the CDC's guidance.  There is no shortage of hand soap for either staff or inmates."

LATEST POSTS
Birmingham Fire battling structure fire on Parkway East
Today is the US Army's 245th birthday
Memorial bike ride for fallen Moody police office
Daughter of Hank Williams Jr. killed in Tennessee crash
SAM's Club in Birmingham now offering curbside services
Categories: Coronavirus, Local News, News

Loading ...
CBS 42
Back to top

Ex-A

WATCH
Ten COVID-19 cases reported in one Alabama federal prison
by Stephen Gallien
Tuesday, May 12th 2020

St. Clair Correctional facility (ABC 33/40)
ALICEVILLE, Ala. (WBMA)
The Bureau of Federal Prison is dealing with nearly a dozen COVID-19 cases inside it's facility in Aliceville.

ADVERTISEMENT
Newly released information by the prison system shows six inmates and four staff members tested positive for the virus. Three prisoners and three staff members have recovered.

RELATED >>> More coronavirus news from ABC 33/40

The prison in Pickens County houses a total of nearly 1,400 inmates.

Among the 139,776 federal inmates, 3,379 have tested positive for COVID-19. There have been 49 federal inmate deaths.

ADVERTISEMENT

View This Story on Our Site

© 2020 Sinclair Broadcast Group
Terms & Conditions
Copyright Notices
Privacy & Cookie Policy
EEO Public File Report
FCC Info


Ex·B

Coronavirus
12 COVID-19 cases reported in Alabama federal prisons
Posted May 11, 2020
FCI Aliceville
The Federal Correctional Institution at Aliceville has seen the majority of Alabama's cases in federal prisons.
By William Thornton | wthornton@al.com
Facebook Icon
Twitter Icon
Email Icon
Text Message Icon
More options Icon

CLOSE
More share options:
Federal prisons in Alabama have seen a total of 12 coronavirus cases among inmates and staff, according to the Federal Bureau of Prisons.

As of Monday, the bureau shows that the majority of cases are at the Federal Correctional Institution in Aliceville.

The Pickens County facility, a medium-security installation for women, has reported 6 inmates and four staff members as testing positive for COVID-19. There is a total of 1,395 inmates at the facility, according to its website.

At Keeton Corrections of Birmingham, a contracted residential reentry center, one inmate has tested positive. The Federal Prison Camp in Montgomery reports one staff member as testing positive.

The Bureau of Prisons reports that 3,379 inmates have tested positive nationally out of a total prison population of more than 139,000 in 11,258 facilities, while 279 staff members, out of about 36,000, have been infected. There have been 49 federal inmate deaths attributable to COVID-19, with most of those at five facilities in California, Texas, North Carolina, Ohio and Louisiana. There have been no deaths among staff members, the bureau says.

Currently, 656 inmates and 279 staff have recovered.

Information from the bureau related to COVID-19 can be found here.

Note to readers: if you purchase something through one of our affiliate links we may earn a commission.

Registration on or use of this site constitutes acceptance of our User Agreement, Privacy Policy and Cookie Statement, and Your California Privacy Rights (each updated 1/1/20).

© 2020 Advance Local Media LLC. All rights reserved (About Us).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of Advance Local.

Community Rules apply to all content you upload or otherwise submit to this site.

Ad Choices



Ex-B

# C E R T I F I C A T E    O F    S E R V I C E

This is to certify, under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing:

1 motion for preliminary injunction

2 exhibits

upon the following address(es) by placing same in a sealed envelope, bearing sufficient postage for delivery via US Postal Service First Class Mail, to:

> Hugo  Black Court House
>   Court Clerk
> 1729 5th Ave North
> Birmingham AL. 35203

Wanda Colon #72513-019
SPC Aliceville
P.O. Box 487
Aliceville, AL. 35442

and deposited it in the postal box provided for inmates on the grounds of the Federal Courrectional Institution, Aliceville, AL (SPC) on this __26th__ day __July____, 2020

Litigation is deemed FILED at the time it was delivered to prison authorities.
See Houston v Lack 487 US 266, 101 L Ed 2d 245, 108 S Ct 2379 (1988)

WANDA COLON #72513-019
SPC ALICEVILLE
P.O. Box 487
Aliceville, AL. 35442

RECEIVED

PARTIES SERVED

2020 AUG -3  A 9: 04

U.S. DISTRICT COURT
N.D. OF ALABAMA

Office of the Governor
Alabama State Capitol
600 Dexter Ave
Montgomery, AL. 36130

Alabama Attorney General
William Barr
501 Washington Ave
Montgomery, Al 36104


FBOP
346 Marine Forces Dr
GP OFFICE COMPLEX
Grand Praire TX 75051

Aliceville Prison/Warden
11070 HWY 14
Aliceville, AL 35442

William Barr-AG
950 Pennsylvania Ave
Washington DC. 20530

US Marshalls
320 1st. Street Northwest
Washington DC 20534

Hugo Black Court House
1729 5th Ave North
Birmingham Al. 35203



Satelite P
Niceville, AL 35442
United States

U.S. POSTAGE PAID
FCM LG ENV
ALICEVILLE, AL
35442
JUL 27, 20
AMOUNT
**$0.00**
R2305E124760-02

35203

UNITED STATES
POSTAL SERVICE
1028

7019 0700 0000 8441 6582

72513-019
Hugo Black Court House
1729 5TH AVE N
Court Clerk
Birmingham, AL 35203
United States

SECI
2020
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA