UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **WANDA COLON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No.: 7:20-cv-01096-LCB-JHE |
| ) | |
| **WARDEN CHAD GARRETT,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

On September 23, 2020, the magistrate judge entered a Report and Recommendation ("R&R"), recommending that the petition for writ of habeas corpus be dismissed with prejudice. (Doc. 11). On September 30, 2020, the Court received objections from Petitioner Wanda Colon ("Colon"). (Doc. 12). As she did in her traverse, (*see* doc. 9), Colon argues that she should be allowed to bring her claims under the CARES Act via a petition under 28 U.S.C. § 2241. *Id.* The magistrate judge found Colon's petition was properly considered under § 2241. (Doc. 11 at 3). However, the magistrate judge determined that Colon was not entitled to habeas relief. Specifically, the magistrate judge found that a prisoner has no constitutionally protected interest in her place of confinement, and no statutory authority under the CARES Act provides a district court with authority to transfer a prisoner to home confinement. *Id.* at 4. While Colon contends the Court has

jurisdiction under § 2241 to consider her claims, she does not offer anything to contest the magistrate judge's findings regarding her entitlement to habeas relief.[1]

The Court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the Court hereby **ADOPTS** and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this Court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

**DONE** and **ORDERED** this February 5, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[1] Colon argues that she cannot contest her detention through a motion for compassionate relief, as the magistrate judge suggested she could do, (doc. 11 at 6–7). (Doc. 12 at 2–3). The magistrate judge acknowledged that courts are divided on whether a petitioner may bring such a challenge through a motion in her underlying criminal action or through a habeas petition. (Doc. 11 at 6, n.5). However, it is clear from Colon's objections that she has specifically declined to attempt to seek compassionate release, (*see* doc. 12 at 2), and in any case that does not change the Court's conclusion as to whether Colon is entitled to habeas relief under § 2241.